FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 0 8 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

Criminal No. RDB-18-0271

RYAN SHEVIN SMITH,

Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case arises from allegations that Defendant Ryan Shevin Smith ("Defendant" or "Smith") and his two co-defendants, Orneth Patrick South and Michael D. Watts, used a firearm to rob a Loomis Armored vehicle of $1,324,288.00 on January 22, 2018 in Salisbury, Maryland. The Original Indictment[1] charges Smith, South, and Watts with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One); commission of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and aiding and abetting in violation of 18 U.S.C. § 2 (Count Two); and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and aiding and abetting in violation of 18 U.S.C. § 2 (Count Three). (Original Indictment, ECF No. 12; Superseding Indictment, ECF No. 25.) South and Watts have pled guilty to Count Two of the Superseding Indictment, pursuant to plea agreements with the Government which provide for the dismissal of any other Counts against them. With no plea agreement, Smith has pled guilty to Counts One and

---

[1] Smith is proceeding to trial on the Original Indictment, which lists the same Counts and contains the same allegations as those in the Superseding Indictment. The Original Indictment named "John Doe" as the third co-conspirator to the alleged crimes. The Superseding Indictment reveals that "John Doe" is Michael D. Watts. It makes no other changes. (Redlined Superseding Indictment, ECF No. 27.)

1

Two of the Original Indictment. (Re-Arraignment, ECF No. 74.) He has pled not guilty to Count Three of the Original Indictment. (Arraignment, ECF No. 43.) Now pending before this Court is Defendant's Motion to Dismiss Count Three of the Original Indictment. (ECF No. 73.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Defendant's Motion to Dismiss Count Three is DENIED. This case will proceed to trial on Count Three, commencing on March 11, 2019.

## BACKGROUND

The Original Indictment alleges that Smith and his two co-defendants, Orneth Patrick South and Michael D. Watts, used a firearm to rob an employee of Loomis Armored US, LLC ("Loomis"). (ECF No. 27.) On January 22, 2018, Smith and the co-conspirators allegedly brandished a firearm and approached a Loomis vehicle parked near the State Employees' Credit Union in Salisbury, Maryland. (*Id.* at 3.) The three allegedly disarmed and restrained the Loomis employee who was operating the vehicle and robbed him of a firearm and $1,324,288.00 in United States currency. (*Id.*) The three fled the scene in a vehicle acquired for their planned escaped. (*Id.* at 4.)

Smith has pled guilty to conspiring to commit, and committing, Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Counts One and Two of the original Indictment). Smith has pled not guilty to Count Three of the Original Indictment, which charges him with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and aiding and abetting in violation of 18 U.S.C. § 2. He has moved to dismiss this Count,

arguing that Hobbs Act robbery is not a "crime of violence" as that term is defined by 18 U.S.C. § 924(c)(3).

## STANDARD OF REVIEW

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged." Under Rule 12(b)(3)(B)(v), a Defendant may file a motion to dismiss challenging an indictment for failure to state an offense. The United States Court of Appeals for the Fourth Circuit has instructed that '[a]n indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense.'" *United States v. Loayza*, 107 F.3d 257, 260 (4th Cir. 1997) (quoting *United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992)); *see also United States v. Palin*, 874 F.3d 418, 424 (4th Cir. 2017); *United States v. Hooker*, 841 F.2d 1225, 1231 (4th Cir. 1988).

In reviewing a motion to dismiss an indictment for failure to state an offense, a district court must accept all factual allegations in the indictment as true. *See Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952), and the Court should construe the indictment in a "practical," rather than "purely technical," manner. *United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir. 1994); *see United States v. Terry*, 257 F.3d 366, 371 (4th Cir. 2001) (King, J., concurring) ("It is elementary that a motion to dismiss [a count of the] indictment implicates only the legal sufficiency of its allegations, not the proof offered by the Government.").

## ANALYSIS

3

Smith argues that this Court must dismiss Count Three of the Original Indictment because Smith's underlying offense, Hobbs Act robbery, is not a "crime of violence," as that term is defined by 18 U.S.C. § 924(c)(3). Specifically, Smith argues that the charge of Hobbs Act robbery categorically fails to qualify as a "crime of violence" within the meaning of § 924(c)(3)(A) and that the statute's residual clause, § 924(c)(3)(B), is unconstitutionally vague under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2251 (2015). (ECF No. 73, at 1.) This Court has repeatedly held that Hobbs Act robbery qualifies as a "crime of violence" as that term is defined by the force clause of § 924(c)(3)(A). *See United States v. Cureton*, RDB-16-0087, 2017 WL 2569723, at *7 (D. Md. June 14, 2017); *United States v. Hancock*, 168 F. Supp. 3d 817 (D. Md. 2016); *United States v. Clarke*, 171 F. Supp. 3d 449 (D. Md. 2016). Accordingly, Smith's Motion (ECF No. 73) is DENIED.[2]

Smith has pled guilty to conspiring to commit, and committing, Hobbs Act robbery by disarming a Loomis employee and taking from his possession over one million dollars. The Hobbs Act prohibits any person from "obstruct[ing], delay[ing], or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commit[ting] or threaten[ing] physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section . . ." 18 U.S.C. § 1951(a). Hobbs Act robbery is defined in 18 U.S.C. § 1951(b)(1) as follows:

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or

---

[2] The United States Court of Appeals for the Fourth Circuit has recently declared that the residual clause is unconstitutional. *United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019). As this Court finds that Hobbs Act robbery constitutes a crime of violence under the force clause, it need not address the parties' arguments concerning the residual clause.

4

member of his family or of anyone in his company at the time of the taking or obtaining.

Smith is now set to face trial on Count Three of the indictment, which charges him with violating 18 U.S.C. § 924(c), a statute which imposes an additional term of incarceration upon "[a]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." § 924(c)(1)(A). In this case, Hobbs Act robbery serves as the underlying "crime of violence" during which Smith allegedly brandished a firearm. A "crime of violence" is defined as a federal offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A) & (B).

Subsection A is commonly known as the "force clause" while Subsection B is called the "residual clause." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019).

To determine whether Hobbs Act robbery constitutes a "crime of violence" under § 924(c), this Court must first decide whether to employ the so-called "categorical approach" or the "modified categorical approach." *Clarke*, 171 F. Supp. 3d at 453. In general, courts apply the categorical approach to determine whether a predicate offense amounts to a "crime of violence" under the force clause. *Descamps v. United States*, 570 U.S. 254, 257, 133 S. Ct. 2276, 2281 (2013). This approach only applies when the underlying offense contains a single set of indivisible elements. *Descamps*, 570 U.S. at 257m 133 S. Ct. 2276. Under this approach, the court looks "only to the fact of conviction and the statutory definition of the offense" to

5

determine whether the predicate offense constitutes a crime of violence. *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (quoting *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143 (1990). Referencing only the elements of the cause of action, the court must determine whether the "most innocent conduct" proscribed by the statute qualifies as a crime of violence as the term is defined by § 924(c). *United States v. Middleton*, 883 F.3d 485, 488 (4th Cir. 2018) (quoting *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008).

Under the modified categorical approach, this Court may look outside the statutory definition to determine whether a predicate offense constitutes a "crime of violence" for purposes of § 924(c). "The modified categorical approach allows the court to examine approved documents, including an indictment, to determine which statutory alternative is implicated by the predicate offense." *Clarke*, 171 F. Supp. 3d at 452 (D. Md. 2016) (quoting *Hancock*, 168 F. Supp. 3d at 820. This approach should be applied only to "divisible" statutes which "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

This Court must first employ the modified categorical approach to determine whether a conviction under the Hobbs Act constitutes a "crime of violence" for purposes of 18 U.S.C. § 924(c). *See, e.g., Hancock*, 168 F. Supp. 3d at 824; *Clarke*, 171 F. Supp. 3d at 453. As Judge Hazel of this Court has explained, the Hobbs Act contains "both divisible and indivisible provisions." *Hancock*, 168 F. Supp. 3d at 820. The statute prohibits both robbery and extortion, two independent criminal acts. *Id.* Accordingly, the district court must use the modified categorical approach, which permits consultation of the indictment, to determine whether the Defendant has pled guilty to, or was convicted of, robbery or extortion. In this

case, Smith has clearly pled guilty to Hobbs Act robbery, as the Original Indictments charges him with disarming a Loomis employee and relieving him of over $1 million dollars in cash.

No additional ambiguity confounds the statutory definition of Hobbs Act robbery. Accordingly, this Court must use the categorical approach to determine whether this offense (as opposed to Hobbs Act extortion) constitutes a "crime of violence" under § 924(c). *Clarke*, 171 F. Supp. 3d at 453. Smith provides three reasons why it does not. First, he argues that Hobbs Act robbery can be accomplished by placing one in fear of injury to intangible property. (ECF No. 73, at 1.) Second, the contends that the offense can be accomplished by placing one in fear of injury to his person without the use, attempted use, or threatened violent physical force. (*Id.*) Finally, Smith maintains that the offense can be accomplished without the intentional threat of the same. (*Id.*)

All three of these arguments have been soundly rejected by this Court, which has repeatedly found that Hobbs Act robbery categorically constitutes a crime of violence under the force clause of § 924(c)(3)(A). *See, e.g., Hancock*, 168 F. Supp. 3d at 821-24 (D. Md. 2016) (rejecting these very same arguments); *Clarke*, 171 F. Supp. 3d at 452-57 (D. Md. 2016) (same). These decisions join the "rising chorus" of courts nationwide which have reached the same conclusion. *See, e.g., Clarke*, 171 F. Supp. 3d at 453 n.4 (collecting cases); *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) ("Hobbs Act robbery . . . independently qualifies as a crime of violence under §924(c)(3)(A)'s use-of-force clause"); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) ("Other circuits have unanimously acknowledged Hobbs Act divisibility and found that Hobbs Act robbery constitutes a crime of violence."). This Court

once again reaffirms its commitment to the rationale of these precedents and finds that Hobbs Act Robbery constitutes a crime of violence under the force clause of § 924(c)(3)(A).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 73) is DENIED.

A separate Order follows.

Dated: March 8, 2019

_____
Richard D. Bennett
United States District Judge