UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

United States of America,   )
       Respondant,   )
  )
V.   )   Cause Number: 18-cr-00271-RDB
  )
Ryan Shevin Smith,   )
       Petitioner.   )

FILED / ENTERED / LOGGED / RECEIVED
SEP 1 3 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## MOTION REQUESTING RELIEF PURSUANT TO §3582(c)(2) REDUCTION IN SENTENCE

Now comes, Ryan Shevin Smith (Petitioner), in this Peo-Se motion for Post-Conviction relief, seeking to have his §924(c) conviction vacated.

In light of the Supreme Court ruling on it's <u>Taylor</u> case (596 U.S. __ (2022)), this Petitioner believes his §924(c) conviction is no longer legal, and requires vacation.

### BACKGROUND

The Supreme Court ruled that there must have been a proven "substantial step" to convict under §924(c). This means that the Government must have proved beyound a reasonable doubt that there was "the use, attempted use, or threatened use of physical force against the person or property of another."

In relation to Mr. Smith's §924(c), the Government uses a weapon (gun) brandished by Mr. Smith's Co-Defendant to enhance him.

- 1 -

§924(c) authorizes enhanced punishment for those who USE a firearm in connection with a "crime of violence" as defined in either §924(c)(3)(A) - Known as the elements clause - or §924(c)(3)(B) - Known as the residual clause.

Mr. Smith's §924(c) is of the elements clause type, and even if it was of the residual clause type it would make no difference.

As a matter of fact a §924(c)(3)(B) would have even been easier to have vacated, as the Supreme Court ruled the Residual clause portion of §924(c) to be unconstitutionally vague. See: <u>United States V. Davis,</u> 588 U.S. __ (2019).

Back in 2018, Mr. Smith was arreasted and convicted of: One count of Conspiracy to Interfere with Interstates Commerce, in violation of 18 U.S.C. §1951(a); One count of Interfering with Interstate Commerce by Robbery, in violation of 18 U.S.C. §1951(a); and One count of The Use, Carrying and Brandishing or a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(a)(ii).

These offenses were alleged to have occurred between December 2017 and January 22nd, 2018 in the District of Marylant and elsewhere. The charges arose as a result of a planned armored car robbery that occurred at the State Employees Credit Union located in Salisbury Maryland.

The plan called for WATTS to hide and lay in wait near the State Employees Credit Union until the vehicle arrived. As the driver exited the truck WATTS ran up to him, while brandishing a firearm; purportedly supplied by SMITH. He disarmed the driver and waited until SMITH and SOUTH arrived to help tie up the driver and empty the truck of over one million dollars.

At no time during the incident was it ever reported that SMITH "used, attempted to use, or threatened to use" any firearm. As a matter of fact the CCTV footage of the robbery will prove that at no time did Mr. Smith use, attempt to use or threaten to use any type or kind of weapon (firearm).

At the time of Mr. Smith's arrest, again no weapons were found on his person or anywhere within his reach or threatened to be used.

ARGUMENT

§924(c) criminalizes those who use a firearm in connectiion with a "crime of violence."

It is imparitive to note the operative word in the statute itself, "USE". Under subcategories of §924(c) the attempted use and threatened use are also criminalized.

With this in mine we review Mr. Smith's §924(c) conviction. His §924(c) enhancement was predicated on the finding of a weapon (gun), that was in the possession of the co-defendant on this case.

At not time during any of the instance offense or after, was it ever reported that Mr. Smith ever had in his possession any firearm.

In the past the Government has argued that the elements clause of §924(c) uses the term threat to require only objective, if uncommunicated, threat to community peace and order. But when Congress uses the word "threat" in such an abstract and predictive (rather than communicative) sense, it usually makes it's point plain. The texual cluse in the statute, indicate just that.

This is the ruling of the Supreme Court in the Taylor case. See: United States V. Taylor, 596 U.S. ___ (2022).

With this ruling it is now necessary that the use, attempted use, or threatened use must not only be objective, but must be proved beyond a reasonable doubt that the use was present. This finding of a gun in a co-defendant's possession, after the fact is not proof to support the use element in a §924(c) enhancement.

As a matter of fact it's only proof of one thing in Mr. Smith's case, that the co-defendant was in possession of a firearm, and that this said co-defendant used attempted to use o/r threatened to use this firearm in the act of committing the instance offense.

When Mr. Smith's §924(c) conviction is looked at in light of the ruling in the Taylor case, it is evident that Mr. Smith's 5th Amendment right was clearly violated, and he was in fact

held to be accountable for a weapon that was never in his possession, or that he never used, attempted to use, or threatened to use, under the enhancement on the §924(c) conviction.

In other words to convict under §924(c) a substantial step must be taken. When an enhancement is based on the possession of a firearm by a co-defendant after the arrest, the "substantial step" cannot be reached.

Mr. Smith's §924(c) conviction is unlawful and must be vacated.

## CONCLUSION

In light of the <u>Taylor</u> case ruling, Mr. Smith's §924(c) conviction is unlawful and must be vacated. The mere presence of a gun during the instance offense, does not satisfy the substantial step of the "use" element in the §924(c) statute.

Mr. Smith respectfully requests that this Honorable Court Grant this motion and vacate his $924(c) conviction, issue a credit of 84 months time served to be applied to his current sentence, and issue a Writ for re-sentencing.

Mr. Smith, would also ask this Honorable Court to issues any and all other relief that is finds Just and Proper.

Respectfully Submitted,

7-18-2023
Date:

Ryan Smith

Ryan Shevin Smith
Reg. #63972-037
F.C.I. Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

- 4 -

CERTIFICATE OF SERVICE

   I hereby atest to, certify, that the aforementioned is true and correct to the best of my knowledge and belief.

   I hereby atest to, certify, that on the 18 of Feburary, 2023, I placed the above motion in the Mail in a postage, pre-paid envelope, First Class, and properly address to the Clerk of the Court, by placing it in the Legal Mail Services at F.C.I. Hazelton.

                  Clerk of the Court
                  209 East Main Street
                  Salisbury, MD 21801

   I hereby request that this Honorable Court file this Motion on there EFS system (Electronic Filing System) and notify all listed parties with access to the EFS system.

7-18-2023
Date:

Respectfully Requested,

Ryan Smith

Ryan Shevin Smith
Reg. #63972-037
F.C.I. Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

- 5 -

**CIRCUIT COURT FOR** SALISBURY MARYLAND WICOMICO, **MARYLAND**
City/County

Located at 209 East Main Street Salisbury MD   Case No. 18-cr-00271-RDB
Court Address

United States of America       vs.   Ryan Smith
Plaintiff                            Defendant

                                      F.C.I Hazelton P.O. Box 5000
Address                               Address
                                      Bruceton Mills, WV 26525
City, State, Zip    Telephone         City, State, Zip      Telephone

## CERTIFICATE OF SERVICE

I certify that on this __Tue 18__ day of __7__, __2023__, a copy of the
                              Month       Year
document(s) titled __Sentence Reduction__
                    Title(s) of document(s)

was/were ☐ mailed, postage prepaid ☐ hand delivered, to:

Ryan Smith                            P.O. Box 5000
Name                                  Address
                                      Bruceton Mills, WV 26525
Ryan Smith                            City, State, Zip
Name                                  Address

7-18-2023                             City, State, Zip
Date                                  Ryan Smith
                                      Signature of Party Serving

**CC-DR-058** (Rev. 06/2019)